UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER-CAMPOS, Plaintiff, v. J. PEREZ, et al., Defendants. | Case No. 25-cv-00284-HSG **ORDER OF DISMISSAL** |

Plaintiff, an inmate currently housed at Alameda County Jail, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 10) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants correctional officers Perez and Bruce and the California Department of Corrections and Rehabilitation. The complaint makes the following allegations. In late 2025, Plaintiff had given Soledad State Prison legal mail staff a change of address notice to be sent in for filing, indicating that he would be paroled on December 30, 2025, and could be reached thereafter at 2096 Eilene, Pleasanton, California. This change of address notice did not reach the court. On June 28, 2006, a magistrate judge issued findings and recommendations that were served on Plaintiff. However, Plaintiff never received this court order because it was sent to his former address at Soledad State Prison, and not the address listed in his notice. The case was then dismissed without prejudice and judgment entered in favor of Defendants. The complaint requests the following relief. Plaintiff requests that the Ninth Circuit's denial of summary judgment in qualified immunity in C No. 04-16209 be upheld. *See generally* Dkt. No. 1.

The Court DISMISSES the complaint with prejudice for failure to state a claim under 42 U.S.C. § 1983. Plaintiff has not alleged a violation of either federal law or the federal Constitution committed by a person acting under the color of state law, as is necessary to state a claim under 42 U.S.C. § 1983. *See West*, 487 U.S. at 48. Plaintiff appears to be seeking relief in the case he filed in the Eastern District of California, C No. 1:03-cv-05249 OWW LJO, *Alexander v. Perez, et al.*, or the related Ninth Circuit Case, 9th Cir C No. 04-16209, *Alexander v. Perez, et al.* The Court

cannot grant relief in other cases.  Plaintiff should file his request for relief in the cases at issue.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action for failure to state a claim under 42 U.S.C. § 1983.  Judgment is entered in favor of Defendants and against Plaintiff.  The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated:   3/3/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3